IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD RICE,                           *

     v.                               *       CIVIL ACTION NO. WDQ-07-2272

STEPHEN H. SACKS             *
                                     *****

## **MEMORANDUM**

Seeking compensatory and punitive damages as well as injunctive relief, Plaintiff, presently incarcerated in the federal Correctional Institution-Allenwood in White Deer, Pennsylvania, filed suit against Stephen H. Sacks, a private defense attorney who represented Plaintiff in criminal proceedings. Paper No. 1. Because he appears to be indigent, Plaintiff shall be granted leave to file *in forma pauperis*, without prepayment of filing fees or costs, pursuant to 28 U.S.C. § 1915(a).

Essential to sustaining an action under § 1983 is the presence of two elements. Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Defendant Sacks, a private citizen, was acting under color of law, the Complaint shall be dismissed. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980), (no state action in the conduct of public defenders and attorneys appointed by the State of Maryland.)

Plaintiff is hereby notified that he may be barred from filing future suits *in forma pauperis*[1] if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious or for failure to state a claim on which relief may be granted under 28 U.S.C. §1915(e) or F.R.Civ.P. 12(b)(6).[2]

In light of the foregoing, Plaintiff's Motion to Request Service by the United States Marshall and Motion to Appoint Counsel (Paper Nos. 2 and 3) shall be denied. A separate Order shall be entered accordingly.

September 28, 2007              /s/
Date                            William D. Quarles, Jr.
                                United States District Judge

---

[1] Under 28 U.S. C. § 1915 (e) (2),

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal--
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Title 28 U.S.C. § 1915 (g) states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.